# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 18, 2019

| | | |
|---|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | | |
| SARAH GANTAR and GEORGE HOLLOMAN, on behalf of their deceased child, C.H., | \*<br>\*<br>\*<br>\* | No. 16-1303V |
| Petitioners, | \* | Special Master Sanders |
| v. | \*<br>\* | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \*<br>\*<br>\* | Interim Attorneys' Fees and Costs; Protracted Litigation; Undue Hardship; Reasonable Attorney Rate; Reasonable |
| Respondent. | \*<br>\* | Paralegal Rate; Reduced for Administrative Work; Reasonable Costs |
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | | |

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner
Linda S. Renzi, United States Department of Justice, Washington, DC, for Respondent

## DECISION AWARDING INTERMIN ATTORNEYS' FEES AND COSTS[1]

On April 8, 2019, Sarah Gantar and George Holloman ("Petitioners") filed a motion for interim fees and costs, requesting **$32,305.28** for their counsel, Mr. Andrew D. Downing. Pet'r's Mot. Int. Att'ys' Fees & Costs, ECF No. 51 [hereinafter Pet'r's Mot. for IAFC]. On April 24, 2019, Respondent filed his response to Petitioner's motion. Resp't's Resp., ECF No. 52. In his response, Respondent stated that he "is satisfied that the petition in this case was filed in good faith and with a reasonable basis as required by 42 U.S.C. § 300aa-15(e)." *Id.* at 3. For the reasons stated below, I will award interim attorneys' fees and costs for Petitioner's counsel at this time.

### I.  Procedural History

On October 7, 2016, Petitioners, on behalf of their deceased child, filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program ("Program").[2] 42

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

U.S.C. §§ 300aa-1 to -34 (2012); Pet., ECF No. 1.  Petitioners allege that their child received the Prevanar 13 vaccination on March 9, 2016, and that their child's "death was caused by an adverse reaction . . . to the vaccination, or [that their] [child's] vaccination [was] a significant contributing factor to his death." *Id.* at 2.  This case was initially assigned to Special Master Hamilton-Fieldman.  Petitioners have been represented by Mr. Downing since the initial filing.

On October 21, 2016, Petitioners filed six exhibits in support of their petition.  Pet'r's Exs. 1–6, ECF Nos. 7-1–7-6.  Special Master Hamilton-Fieldman granted Petitioners' motion for a subpoena to obtain any records concerning the child from the San Bernadino Corener on October 31, 2016.  ECF Nos. 8–9; Pet'r's Ex. 7. ECF No. 10-1.  This case was reassigned to me on January 23, 2017.  ECF No. 17.  Petitioners received nine deadline extensions to file medical records and a statement of completion, from November 16, 2016 to October 13, 2017.  ECF Nos. 5, 11, 12, 17, 18, 19, 20, 27, 28.  During that time, I also granted Petitioners' second motion for a subpoena on July 21, 2017, requiring the release of the medical examiner's report and autopsy for the child.  ECF No. 24; Pet'r's Ex. 8, ECF No. 25-1.  Petitioners filed one exhibit consisting of medical records on October 4, 2017.  Pet'r's Ex. 9, ECF No. 29-1; ECF No. 30.

On January 18, 2018, Respondent filed his Rule 4(c) report recommending that compensation be denied.  Resp't's Report, ECF No. 33.  On February 22, 2018, I ordered Petitioner to file an expert report and supporting medical literature by March 26, 2018.  Non-PDF Order, docketed Feb. 22, 2018.  Petitioners missed this deadline, and on April 3, 2018, Chambers emailed Petitioners regarding their lapsed deadline.  *See* Informal Comm., docketed Apr. 3, 2018.  On that same day, Petitioners filed an expert report from Douglas C. Miller, M.D.  Pet'r's Exs. 10–11, ECF Nos. 36-1–36-2.  On June 22, 2018, Petitioners filed thirty-one additional medical articles referenced in Dr. Miller's expert report.  Pet'r's Exs. 12–21, ECF Nos. 38-1–38-10; Pet'r's Exs. 22–31, ECF Nos. 39-1–39-10; Pet'r's Exs. 32–42, ECF Nos. 40-1–40-11.

On July 19, 2018, Respondent filed two responsive expert reports, one by Andrew J. MacGinnitie, M.D., Ph.D., and one by Bent T. Harris, M.D., Ph.D.  Resp't's Ex. A–B, ECF No. 41-1, 41-10; Resp't's Ex. C–D, ECF No. 42-1, 42-12.  Petitioners filed a supplemental expert report authored by Dr. Miller on October 22, 2018.  Pet'r's Ex. 43, ECF No. 44-1.  On November 29, 2018, Respondent requested the photomicrographs that Dr. Miller relied on for his second expert report.  ECF No. 45.  On December 7, 2018, Petitioners submitted nine exhibits, which included the requested photomicrographs, case reports, and medical research articles.  Pet'r's Exs. 44–52, ECF No. 47-1–47-9.

Due to a government shutdown, I stayed Respondent's supplemental expert report deadline.  Non-PDF Order, docketed Dec. 26, 2018.  On March 1, 2019, Respondent filed a supplemental expert report by Dr. Harris.  Resp't's Ex. E, ECF No. 49-1.  Eleven days later, Petitioners filed a status report stating that they did not wish to file another expert report.  ECF No. 50.

On April 8, 2019, Petitioners filed a Motion for Interim Attorney's Fees and Costs.  Mot. for IAFC.  Respondent filed his response to Petitioners motion on April 24, 2019.  Resp't's Resp. Petitioner did not file a reply.  No further expert reports have been filed in this case to date. This matter is now ripe for consideration.

## II. Availability of Interim Attorneys' Fees and Costs

### A. Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith, and there was a reasonable basis for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1) (2012). Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and I find that the statutory criteria for an award of fees and costs is met.

### B. Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The court noted that such awards "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim[.]" *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Many cases in the Program are proceeding slower than they have in the past. *See Miles v. Sec'y of Health & Human Servs.*, No. 12-254V, 2017 WL 4875816 at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) ("[i]t may be months to years before an entitlement ruling is issued"); *Abbott v. Sec'y of Health & Human Servs.*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year."). As Petitioners' case was filed on October 7, 2016, it has been pending for three years. *See* Pet. At the current pace, an entitlement hearing and the subsequent decision may not occur for a year or longer.

Meanwhile, Petitioners' fees and costs have accumulated in the course of prosecuting this case. Petitioners have submitted two expert reports and numerous exhibits in support of their petition. *See generally* Pet'r's Exs. 1–52. Petitioners' counsel has requested **$32,305.28** in fees and costs, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); Pet'r's Mot. for IAFC at 4. Because of the protracted nature of the proceedings, the fact that the ultimate resolution of this case may not occur for a significant period, and the accumulation of fees and costs, I find an award of interim attorneys' fees and costs reasonable and appropriate in this case.

## III. Reasonable Attorneys' Fees

Only reasonable attorneys' fees may be awarded, and it is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct.

750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). In making a determination, applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

The Federal Circuit has approved the lodestar formula to determine reasonable attorneys' fees under the Vaccine Act. *Avera*, 515 F.3d at 1348. This is a two-step approach. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

### A. Reasonable Rates

Forum rates are used in the lodestar formula, except when the rates in an attorney's local area are significantly lower than forum rates. *Id.* at 1348–49. In a 2015 decision, Special Master Gowen determined the reasonable forum rate ranges for attorneys with varying years of experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *18-19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). When considering whether a requested rate is reasonable, special masters may consider an attorney's overall legal experience and his experience in the Vaccine Program, as well as the quality of the work performed. *Id.* at *17. The *McCulloch* rates have been updated for subsequent years and are accessible on the court's website at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters.

#### i. Reasonable Hourly Rates

Petitioners request the following hourly rates for the attorneys who have worked on this matter to date:

**Attorneys**
- Andrew D. Downing
    - 2018 - $385.00
    - 2017 - $375.00
    - 2016 - $350.00
- Courtney Van Cott
    - 2018 - $205.00

**Paralegals**
- Robert W. Cain
    - 2017 - $135.00
    - 2016 - $100.00
- Danielle P. Avery
    - 2017 - $135.00
    - 2016 - $100.00

4

Van Cott & Talamante, PLLC, is located in Phoenix, Arizona, thus forum rates apply. I find that the requested rates are consistent with what these individuals have been previously awarded in the Program and that the rates are reasonable in light of *McCulloch*. *See Rice v. Sec'y of Health & Human Servs.*, No. 15-1335, 2018 WL 4784563 (Fed. Cl. Spec. Mstr. Aug. 27, 2018).

### B. Hours Expended

The second step in *Avera* is for the court to make an upward or downward modification based upon specific findings. *Avera*, 515 F.3d at 1348. As outlined below, I have determined that a reduction in the number of hours requested is appropriate.

While clerical and other administrative work is necessary in every case, billing separately for such work is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (tasks that were "primarily of a secretarial and clerical nature . . . should be considered as normal overhead office costs included with the attorneys' fees rates"). Clerical and administrative work includes tasks such as making travel arrangements, setting up meetings, and reviewing invoices. *See Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). It also includes organizing exhibits, preparing compact discs, and filing records. *Floyd v. Sec'y of Health & Human Servs.*, No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017); *Hoskins v. Sec'y of Health & Human Servs.*, No. 15-071V, 2017 WL 3379270, at *3 (Fed. Cl. Spec. Mstr. July 12, 2017); *Kerridge v. Sec'y of Health & Human Servs.*, No. 15-852V, 2017 WL 4020523, at *3 (Fed. Cl. Spec. Mstr. July 28, 2017). It is the nature of the tasks performed, not a person's professional title, which determines whether the work is legal, paralegal, or clerical in nature. *Doe 11 v. Sec'y of Health & Human Servs.*, No. XX–XXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)).

Although Ms. Avery billed at the paralegal rates, most of her tasks are clerical in nature. Receiving and sending faxes, emails, and other routine correspondence; confirming receipt of such correspondence; "receiv[ing], review[ing,] and process[ing]" records and court orders; and noting deadlines, are all clerical tasks. Likewise, receiving, reviewing, processing, and paying invoices are clerical in nature. Ms. Avery regularly billed to "receive, review[,] and process" records. For example, on October 11, 2016, Ms. Avery billed to "[r]eceive, review[,] and process" the "Court's Notice of Assignment to Special Master Lisa Hamilton-Fieldman." Pet'r's Mot. For IAFC, Ex. A at 17; *see also id.* at 18 (on Nov. 1, 2016, Ms. Avery billed to "[r]eceive, review[,] and process [an] Order granting motion for issuance of a Subpoena."); *id.* at 20 (on Jan. 19, 2017, Ms. Avery billed to "[r]eceive, review[,] and process [the] Court's Order reassigning case to Special Master Sanders."); *id.* at 26 (on July 23, 2018, Ms. Avery billed to "[r]eceive, review[,] and process a Notice of Filing"). While some organization and review of records is required, downloading and saving documents to internal files, numbering exhibits, finalizing and filing documents, and receiving CM/ECF filing notices are clerical tasks that do not require the expertise of a paralegal. Therefore, this type of administrative work is not compensable in the Program. *See, e.g., Smithson v. Sec'y of Health & Human Servs.*, No. 13-735V, 2019 WL 4271975, at *4 (Fed. Cl. Spec. Mstr. Aug. 15, 2019).

Meanwhile, legal tasks such as drafting notices to the court and motions may be compensated. The balance of Ms. Avery's billed time involved drafting notices of filing, letters to experts, a statement of completion, and a motion for additional time. *See, e.g.*, Pet'r's Mot. for IAFC, Ex. A at 18 (on Nov. 1, 2016, Ms. Avery billed to draft and finalize a subpoena); *id.* at 23 (on Oct. 4, 2017, Ms. Avery billed to draft Petitioners' Statement of Completion"); *id.* at 26 (on Sep. 24, 2018, Ms. Avery billed to "Draft Petitioners' Motion for Extension of Time"). These tasks performed by Ms. Avery are appropriately billed to the Program. However, some of this paralegal work is block billed with clerical tasks, making it difficult to determine the precise number of hours that represent non-clerical tasks. *See, e.g.*, *id.* at 20 (on 1/19/2017 Ms. Avery billed to "Revise Motion for Additional Time . . .[;] finalize and electronically file motion; receive and review Court's ECF notification; process filed copy of Motion"). After careful analysis, I estimate that 4 hours billed by Ms. Avery reasonably represent non-clerical work. Therefore, I will reduce the total award by **$1,154.50**.[3]

I have reviewed the remaining billing records, and I find that the hours expended, other than those described above, are reasonable and will be awarded in full.

### C. Costs

Similar to attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Mr. Downing has requested **$11,754.78** in Petitioners' interim costs. Pet'r's Mot. for IAFC at 3. Most of the requested costs are related to obtaining expert reports and medical records. *See* Pet'r's Mot. for IAFC, Ex. A.

Mr. Downing has requested **$9,600.00** in costs related to Dr. Miller's expert fees and **$2,154.78** in other costs. Pet'r's Mot. for IAFC at 3. Dr. Miller's rate of $500 per hour has been found reasonable and previously awarded in the Vaccine Program. *Cozart v. Sec'y of Health & Human Servs.*, No. 00-590V, 2016 WL 5766359 (Fed. Cl. Spec. Mstr. Sep. 7, 2016); *Lord v. Sec'y of Health & Human Servs.*, No. 12-255V, 2016 WL 3960445 (Fed. Cl. Spec. Mstr. June 30, 2016); *Sexton v. Sec'y of Health & Human Servs.*, No. 99-453V, 2015 WL 7717209 (Fed. Cl. Spec. Mstr. Nov. 9, 2015). The additional incurred costs are from postage, photocopying, and medical record charges. *See* Pet'r's Mot. for IAFC, Ex. A at 29–32. Therefore, I find that the requested costs are reasonable and should be awarded in full.

## IV. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I find that Petitioners' request for interim fees and costs, other than those reductions delineated above, is reasonable and award Mr. Downing **$19,396** in interim attorneys' fees and **$11,754.78** in interim costs. Accordingly, I award **the total of $31,150.78 to be issued in the form of a check payable jointly to Petitioners and Petitioners' counsel, Mr. Andrew D. Downing, of Van Cott & Talamante, PLLC, for interim attorneys' fees and costs.**

---

[3] This amount represents a reduction of 4.1 of Ms. Avery's remaining 8.1 hours claimed in the initial motion based on her accepted hourly rate.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of the above decision.[4]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.