# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: October 26, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| SARAH GANTAR and GEORGE HOLLOMAN, on behalf of their deceased child, C.H., | * * * * | No. 16-1303V |
| Petitioners, | * | Special Master Sanders |
| v. | * * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Dismissal; Insufficient Proof; Prevnar 13 Vaccine; Adverse Reaction; Death |
| Respondent. | * * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Andrew D. Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.
*Linda S. Renzi*, U.S. Department of Justice, Washington, DC, for Respondent.

## **DISMISSAL**[1]

On October 7, 2016, Sarah Gantar and George Holloman ("Petitioners") filed a petition for compensation on behalf of their deceased child, C.H., under the National Vaccine Injury Compensation Program[2] ("Vaccine Program" or "Program"). 42 U.S.C. § 300aa-10 to 34 (2012). Petitioners alleged that C.H. had a severe adverse reaction and subsequent death following the Prevnar 13 vaccine he received on March 9, 2016. Pet. at 1, ECF No. 1. The information in the record, however, does not show entitlement to an award under the Program.

On August 29, 2020, Petitioners filed an unopposed motion for a decision dismissing the petition. ECF No. 62. Petitioners filed an amended motion for a decision dismissing the petition on September 11, 2020. ECF No. 64. In their amended motion, Petitioners conceded that in light of the Court's decision in *Boatmon v. Secretary of Health & Human Services*, "at this juncture[,] they will likely be unable to meet their burden of proof and establish that C.H. is entitled to compensation in the Vaccine Program." *Id.* at 2; 941 F.3d 1351 (Fed. Cir. 2019). Petitioners continued, "[u]nder these circumstances, Petitioners feel that to proceed further would be

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

unreasonable and would waste the resources of the Court and the Vaccine Program." *Id.* Respondent had no objection to Petitioners' motion. *Id.* at 3.

To receive compensation under the Program, petitioner must prove either (1) that he suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover any evidence that C.H. suffered a "Table Injury." Further, the record does not contain persuasive evidence that C.H.'s alleged injury was caused by the Prevnar 13 vaccine.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the *Boatman* decision is binding on the Vaccine Program. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[3]

       **IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.