# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: May 12, 2021

```
* * * * * * * * * * * *   *
```
SARAH GANTAR *and* GEORGE      *
HOLLOMAN *on behalf of their*     *
*deceased child, C.H.*,           *     No. 16-1303V
                       *     Special Master Sanders
          Petitioners,       *
                       *     UNPUBLISHED
v.                         *
                       *     Attorneys' Fees and Costs
SECRETARY OF HEALTH       *
AND HUMAN SERVICES,      *
                       *
          Respondent.       *
```
* * * * * * * * * * * *   *
```

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioners;
Alexis B. Babcock, United States Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

       On October 7, 2016, Sarah Gantar and George Holloman ("Petitioners") filed a petition for compensation on behalf of their deceased child C.H., pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §300aa-10 et seq. (2012). Petitioners alleged that C.H. had a severe adverse reaction and subsequent death following the Prevnar 13 vaccine he received on March 9, 2016. On September 11, 2020, Petitioners filed an unopposed motion for a decision

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

dismissing their petition, and on October 26, 2020, the undersigned issued her decision dismissing the petition for insufficient proof. ECF No. 65.

On January 26, 2021, Petitioners filed a motion for attorneys' fees and costs. ECF No. 72 ("Fees App."). Petitioners request total final attorneys' fees and costs in the amount of $3,879.29, representing $3,838.50 in attorneys' fees and $40.70 in attorneys' costs. Fees App. at 9. Pursuant to General Order No. 9, Petitioners have indicated that they have not incurred any out of pocket costs. *Id.* Respondent responded to the motion on January 29, 2021, stating that Respondent "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" Resp't's Resp. at 2. ECF No. 73. Petitioners did not file a reply thereafter.

This matter is now ripe for consideration.

## I.     Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a.     Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The

Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, and 2020 can be accessed online.[3]

Petitioners request the following hourly rates for the work of their counsel: for Mr. Andrew Downing, $385.00 per hour for work performed in 2019-2020; These rates are consistent with what Mr. Downing has previously been awarded for his Vaccine Program work, and the undersigned finds them to be reasonable herein. *See, e.g., Olschansky v. Sec'y of Health & Human Servs.*, No. 17-1096V, 2020 WL 1027681 (Fed. Cl. Spec. Mstr. Feb. 21, 2020).

### b. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review of the submitted billing records, the undersigned finds the time billed to be reasonable. Accordingly, Petitioners are awarded final attorneys' fees of $3,838.50.

### c. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request a total of $40.70 in attorneys' costs for postage. Fees App. at 14. Petitioners have provided adequate documentation of all these expenses and they appear reasonable for the work performed in this case. Petitioners are therefore awarded the full amount of costs sought.

### II.   Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioners' request for fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioners and their counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $3,838.50 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$3,838.50** |
| | |
| Attorneys' Costs Requested | $40.70 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$40.70** |
| | |
| **Total Attorneys' Fees and Costs** | **$3,879.20** |

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

**Accordingly, the undersigned awards a lump sum in the amount of $3,879.20, representing reimbursement for Petitioners' attorneys' fees and costs, in the form of a check payable to Petitioners and their counsel, Mr. Andrew Downing.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.